**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| QUENTIN OCTAVIUS SMITH, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| DEKALB COUNTY JAIL, | : | CIVIL ACTION NO. |
| THE STATE OF GEORGIA, | : | 1:13-CV-1629-WSD-JFK |
| Defendants. | : | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Plaintiff, Quentin Octavius Smith, confined in the Georgia Regional Hospital in Decatur, Georgia, has submitted a *pro se* civil rights complaint. By separate Order Plaintiff was granted *in forma pauperis* status, and the matter is before the Court on the complaint, (Doc. 1), for screening under 28 U.S.C. § 1915A.

**I.     28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091,

1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Plaintiffs must plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Resnick v. AvMed, Inc., 693 F.3d 1317, 1324-25 (11th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level," and "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atl. Corp., 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants

2

this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that (1) a person acting under color of state law (2) deprived him of a right secured by the Constitution or federal law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

Plaintiff brings this action against the DeKalb County Jail and the State of Georgia. (Doc. 1). Plaintiff contends that he is the defendant and not the victim and that he was coerced to "admit to crimes against me[.]" (Id. ¶ IV). Plaintiff states both that he would have pleaded guilty based on ample evidence against him and that he did plead guilty without a demand for a speedy trial. (Id.) Plaintiff also states, with little or no detail, that police used excessive force against him and that he was excluded from certain doctor appointments. (Id. ¶¶ IV, V). Plaintiff asks that the charges against him be expunged and seeks damages for false imprisonment and violations of his rights to due process. (Id. ¶ V).

This action must be dismissed because Plaintiff fails to state a claim against either of the Defendants that he has named in this action. The DeKalb County jail is not considered a legal entity amenable to suit. See Brannon v. Thomas Cnty. Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (noting that "County Jail is not an entity capable of being sued under Georgia law"); see also Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). "The State of Georgia . . . is not a 'person' subject to suit

4

under § 1983." GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989)), cert. denied, _ U.S. _, 33 S. Ct. 856 (2013).  Further, the Eleventh Amendment bars a § 1983 federal action against the State of Georgia, Robinson v. Ga. Dep't of Transp., 966 F.2d 637, 640 (11th Cir. 1992), whether for damages or injunctive relief, Cory v. White, 457 U.S. 85, 90-91 (1982).

Additionally, Plaintiff may not use a civil rights action to challenge a conviction, and his contradictory and conclusory allegations (with no appropriately named defendant) are insufficient to state an excessive-force, medical-care, or other civil rights claim.  See Bell Atl. Corp., 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"); Dyer v. Lee, 488 F.3d 876, 880 (11th Cir. 2007) (stating that habeas corpus is the exclusive remedy for a state prisoner challenging the fact of his confinement or seeking release).[1]

---

[1] Because there is no indication that Plaintiff has exhausted his state remedies for challenging a state conviction, as he must do in order to bring a federal habeas corpus petition, this Court declines construing this action as a habeas corpus petition. See 28 U.S.C. §2254(b)(1) (dictating that a federal court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state remedies or circumstances exist that render the state process ineffective). See also Castro v. United States, 540 U.S. 375, 377-78 (2003) (disfavoring *sua sponte* re-characterization of a filing as a federal habeas corpus petition).

5

**III.  Conclusion**

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** for failure to state a claim.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 6th day of November, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)