## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **QUENTIN OCTAVIUS SMITH,**<br>**Plaintiff,**<br><br>**v.**<br><br>**DEKALB COUNTY JAIL, THE**<br>**STATE OF GEORGIA,**<br><br>**Defendants.** | **1:13-cv-1629-WSD** |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final

Report and Recommendation ("R&R") [16].

## I.    BACKGROUND

On May 13, 2013, Plaintiff Quentin Octavius Smith ("Plaintiff"), then in

custody at the DeKalb County Jail, filed this *pro se* action asserting claims under

42 U.S.C. § 1983 for the alleged deprivation of his civil rights.  On October 17,

2013, Magistrate Judge King issued her R&R following a frivolity review under 28

U.S.C. § 1915A.

In his Complaint [1], Plaintiff states that he pleaded guilty, at some time in

the past, to certain unspecified crimes.[1]  Plaintiff alleges that his guilty plea was

coerced and that law enforcement officials used excessive force when arresting

him, causing him injury.  Plaintiff also claims that he was denied medical care

while incarcerated in the DeKalb County Jail.

On November 6, 2013, Judge King concluded that Plaintiff failed to state a

claim on which relief can be granted because 1) the Defendants in this action are

not legal entities that may be sued, and 2) Plaintiff does not allege a plausible

claim.  Plaintiff did not object to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011);

Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A

district judge "shall make a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation,

---

[1] Plaintiff does not provide any additional information regarding the offenses to which he pleaded any sentence that was imposed on him, except he was imprisoned for some unspecified period after he pleaded guilty.

a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  Because Plaintiff has not objected to the R&R, the Court reviews it for plain error.

      B.    Analysis

The State of Georgia enjoys sovereign immunity consistent with the Eleventh Amendment.  See Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (quoting Employees v. Missouri Public Health & Welfare Dep't, 411 U.S. 279, 280  (1973)) (stating that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state"); see also GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989)), cert. denied, _ U.S. _, 33 S. Ct. 856 (2013) (stating "The State of Georgia…is not a 'person' subject to suit under §1983").

The law in Georgia further is that a facility, such as a jail, generally is not considered a legal entity amenable to suit.  See Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit); see also Brannon v. Thomas Cnty. Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (noting that "…County Jail is not an entity

capable of being sued under Georgia law").

Defendants the "State of Georgia" and "DeKalb County Jail" are not viable Defendants against which Plaintiff may assert his claim,[2] and the Court finds no plain error in the findings in the R&R.

The factual allegations in the Complaint also are insufficient to state a plausible claim.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level").  Plaintiff asserts contradictory and conclusory factual allegations that are insufficient to state a claim.  Plaintiff alleges that he is "the defendant and not the victim" and that he was coerced "to admit to crimes against [him]."  He has, however, also acknowledged that he pleaded guilty because there was ample evidence against him and entered a guilty plea without demanding a speedy trial.  Plaintiff then claims in his complaint that he was "thrown to the ground[,] and excessive force by the policeman was used" against him.  He appears to assert that his "false imprisonment" in some way precluded him from attending certain unspecified "appointments with doctors regarding white blood cells, vision,

---

[2] Plaintiff does not name as defendants in this action the warden at the DeKalb County Jail, any guards employed at the DeKalb County Jail during Plaintiff's incarceration, or any medical professionals employed by the DeKalb County Jail or the State of Georgia.

[and] MRI." Plaintiff does not identify who made him miss these appointments, and he does not offer any information beyond these conclusory statements.

Even if Plaintiff had brought his claim against viable defendants - which he has not - the conclusory, contradictory factual allegations in Plaintiff's complaint do not assert a plausible claim, and the Court finds no plain error with this finding in the R&R. The Magistrate Judge finally recommends that this action be dismissed. Because this action is against defendants that may not be sued and does not assert a plausible claim, the Court finds no plain error in the Magistrate Judge's recommendation that this action be dismissed.[3]

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [16] is **ADOPTED** and this action is **DISMISSED**.

---

[3] The Court further notes that Plaintiff's failure to provide the Court with accurate contact information has delayed and adversely affected the management of this case. See L.R. 41.2(C), N.D.Ga. ("The failure of counsel for a party or of a party appearing pro se to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds either for dismissal of the action without prejudice or for entry of a default judgment"). For this additional reason, the Court finds that this case is required to be dismissed.

**SO ORDERED** this 14th day of January, 2014.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE